■ DAVID TASH, Appellant, v FEDERATED DEPARTMENT STORES, INC., Doing Business as MACY'S DEPARTMENT STORE, Respondent. [965 NYS2d 461]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 7, 2012, after a jury trial, in favor of de-

fendant and against plaintiff, and bringing up for review an order, same court and Justice, entered June 15, 2012, which denied plaintiff's posttrial motion to set aside the verdict, unanimously affirmed, without costs.

In 1996, plaintiff, then five years old, was injured when, sitting on an escalator, his leg got caught between the bottom of the step and the combplate. The escalator stopped when a customer pushed the stop button.

We find that the verdict was not against the weight of the evidence, and was based on a fair interpretation of the evidence. Based on the evidence, including testimony by defendant's expert, the jury could fairly infer that, although plaintiff had alleged that worn treads and a raised combplate combined to catch his foot, it was impossible to discern which of the 2000 treads on the escalator caused the accident.

The trial court instructed the jury on substantial cause, and plaintiff failed to preserve his argument that the trial court should have given the jury a missing witness charge (*see* CPLR 4110-b). The trial court did not err in denying plaintiff's request to charge that violations of certain Administrative Code sections were some evidence of negligence, since the sections cited by plaintiff did not relate to worn treads (*see* Administrative Code of City of NY §§ 27-982, 27-987). Moreover, the reference standards cited by plaintiff involve devices that stop the power on an escalator (*see* NY City Building Code [Administrative Code of City of NY tit 27, ch 1, Appendix] Reference Standard RS 18 rules 805.3f, 805.3n, 805.3q). However, such devices were not at issue here, since an eyewitness stopped the escalator (*see generally French v O'Donohue*, 239 AD2d 903 [4th Dept 1997], *lv denied* 91 NY2d 804 [1997]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Renwick and DeGrasse, JJ.